IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY B. ALLEN,

    Petitioner,                      No. CIV-S-04-1303 ALA P

    vs.

THOMAS L. CAREY, Warden, et al.,        <u>ORDER</u>

    Respondents.

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He is currently serving a sentence of fifteen years to life imprisonment in the California Department of Corrections. Petitioner challenges his 2002 denial of parole. Petitioner raises two claims in his petition filed July 8, 2004, challenging his denial of parole.

I

        Petitioner was one of four men involved in a shooting on April 14, 1992.[1] The four men drove to the home of a rival. Each of the four men were armed, exited the vehicle and

---

[1] The factual information is taken from the Board of Prison Terms hearing transcripts of March 13, 2002 and filed with this court in the respondent's answer as exhibit D, November 1, 2004.

1  fired at the residence. Over fifty rounds from five different weapons were recovered. Four
2  victims were struck, one of whom was paralyzed and another fatally wounded. Petitioner was
3  accused of firing the bullet responsible for the fatal wounding. Petitioner subsequently plead
4  guilty to second degree murder on January 26, 1994 and received a sentence of 15 years to life
5  with the possibility of parole.
6    On March 13, 2002 Petitioner went before the California Board of Prison Terms
7  ("BPT"), with counsel, and was assessed for suitability for parole. BPT found that Petitioner
8  would pose an unreasonable risk of danger to society and a threat to public safety and therefore
9  was unsuitable for parole at that time. BPT issued a four year denial, stating that is was not
10 reasonable to expect that parole would be granted in the next four years. Petitioner then filed
11 petitions in the Superior Court of California, County of Solano, the California Court of Appeal
12 for the First District and the California Supreme Court. Each court denied his petition.
13 Petitioner now seeks a writ of habeas corpus from this court.

14                 II

15   Federal habeas corpus relief is not available for any claim decided on the merits in
16 state court proceedings unless the state court's adjudication of the claim:

17     (1) resulted in a decision that was contrary to, or involved an
    unreasonable application of, clearly established Federal law, as
18     determined by the Supreme Court of the United States; or

19     (2) resulted in a decision that was based on an unreasonable
    determination of the facts in light of the evidence presented in the
20     State court proceeding.

21 28 U.S.C. § 2254(d).

22   Under section 2254(d)(1), "[a] state court decision is "contrary to" ...clearly
23 established [United States Supreme Court] precedents if it applies a rule that contradicts the
24 governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially
25 indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result
26 differing [its] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v.*

*Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

III

A

There are two possible interpretations of Petitioner's first claim that his sentence has been improperly imposed. The first interpretation is that Petitioner was arguing that by denying his parole, the BPT was changing his sentence of fifteen years to life with the possibility of parole, to a sentence of life without the possibility of parole. The second interpretation is that the BPT, by denying Petitioner's parole, was changing his sentence from a sentence of fifteen years to Life, to a sentence of Life with the possibility of parole.

The first interpretation is based on Petitioner's argument before the Solano Superior Court where he contended that the BPT's denial of his parole amounted to "misinterpreting a term of 15 years to life, to mean <u>'life'</u> expressed with <u>'No'</u> expectation to

3

parol [sic]." Brief of Petitioner at 6, *In re. Allen*, No. J-06840 (Cal. Superior. Sept. 4, 2003) (emphasis in original). Petitioner argued that instead of offering him parole upon a finding of suitability, the BPT should have "fix[ed] the term" of his confinement. However, this argument is not supported by the record. Petitioner's first parole hearing, occurred eleven years after his incarceration. A single denial of parole does not transform a sentence of fifteen years to life into a sentence of life without the possibility of parole.

The second interpretation of Petitioner's first claim appears in the application he filed in this Court. Petitioner contends that the BPT erred when it "transmogrified his lawfully imposed sentence against a valid 'PLEA BARGAIN' of a Term of 15 years to Life, To Life with the possibility of parole." There is no evidence in the record to suggest that the BPT treated Petitioner's sentence as life with the possibility of parole.

Petitioner was properly sentenced to fifteen years to life under his plea bargain. The version of California Penal Code § 190 in effect at time of Petitioner's sentencing explicitly provided that, "every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life." CAL. PENAL CODE § 190 (West 1994). According to the abstract of judgment, and the BPT hearing transcripts, Petitioner received a sentence of 15 years to life, as prescribed by law.

The BPT examined Petitioner's prior record and considered a letter sent by the police officer who investigated the crimes committed by Petitioner which opposed granting parole . The BPT found Petitioner unsuitable for parole because of his prior criminal record, his failure to have adequate parole plans, his failure to complete a vocation while incarcerated, and because the BPT believed that Petitioner posed an "unreasonable risk of danger to society and a threat to public safety if released from prison." The BPT commended Petitioner for the progress he made during his incarceration. However, the BPT found those positive aspects of his behavior do not outweigh the factors demonstrating his unsuitability for parole release on that date.. The

1  BPT described the steps necessary for Petitioner to obtain a favorable parole decision.  The BPT
2  stated that "[t]his is a four-year denial," and reminded Petitioner that "the key to getting out of
3  [prison] is in [his] pocket."  Nothing in the record suggests that the BPT has closed-off all
4  possibility of future parole.  Thus, the BPT's decision in this case did not alter the sentence
5  imposed by the trial court.

6  There is no evidence before this Court that demonstrates a violation of federal law
7  or of a decision based on an unreasonable application of the facts. Petitioner was properly
8  sentenced to fifteen years to life, and was subsequently properly denied parole, with clear
9  instructions on what he could do to increase his chances of a successful parole hearing.

B

12  Petitioner's second claim is that his denial of parole on March 13, 2002 for four
13  years was excessive.  Respondents argue that "it is well settled that Petitioner does not have a
14  federally cognizable interest in parole." *Answer* at 8.  Respondents are mistaken.

15  Section 3041 of the California Penal Code states that prisoners sentenced in
16  California to a state prison term that provides for the possibility of parole have "a constitutionally
17  protected liberty interest in the receipt of a parole release date, a liberty interest that is protected
18  by the procedural safeguards of the Due Process Clause." *Irons v. Carey*, No. 05-15275, _ F.3d
19  _; 2007 WL 2027359, at *3 (9th Cir. July 13, 2007) (citing *Sass v. California Board of Prison
20  Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir.
21  2003); *McQuillion v. Duncan*, 306 F.3d 895, 903 (9th Cir.2002); and *Bd. of Pardons v. Allen*,
22  482 U.S. 369, 377-78 (1987) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*,
23  442 U.S. 1, 12 (1979)).  California law requires that the BPT "determine whether a prisoner is
24  presently too dangerous to be deemed suitable for parole based on the 'circumstances tending to
25  show unsuitability' and the 'circumstances tending to show suitability' set forth in Cal.Code.
26  Regs., tit. 15 § 2402(c)-(d)." *Irons*, at *4.  The *Irons* court described the regulations as follows:

5

> [T]he circumstances tending to show that a prisoner is unsuitable include: (1) the commitment offense, where the offense was committed in "an especially heinous, atrocious or cruel manner"; (2) the prisoner's previous record of violence; (3) "a history of unstable or tumultuous relationships with others"; (4) commission of "sadistic sexual offenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "serious misconduct in prison or jail." Cal.Code. Regs., tit. 15 § 2402(c). Circumstances tending to show that a prisoner is suitable for parole include: (1) the prisoner has no juvenile record; (2) the prisoner has experienced reasonably stable relationships with others; (3) the prisoner has shown remorse; . . . (6) the prisoner lacks any significant history of violent crime; . . . (8) the prisoner "has made realistic plans for release or has developed marketable skills that can be put to use upon release"; (9) "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Cal.Code. Regs., tit. 15 § 2402(d).

*Id.* at 663 n.4.

It has been clearly established by the United States Supreme Court "that a BPT's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' (*Sass*, 461 F.3d at 1128-29 (citing *Superintendent v. Hill*, 472 U.S. 445, 457 (1985); *see also Biggs*, 334 F.3d at 915 (citing *McQuillion*, 306 F.3d at 904), or is "otherwise arbitrary," *Hill*, 472 U.S. at 457." *Id.* at 662.

The Solano Superior Court's, ruling on Petitioner's petition for a writ of habeas corpus under California law, contains the last reasoned state court decision. The Solano Superior Court found that BPT denied Petitioner's parole due to his prior criminal record, failure to participate in a rehabilitation program while incarcerated, lack of adequate post parole plans, failure to complete vocational training while incarcerated, and the nature of his commitment offense[2]. The Solano Superior Court found that the BPT decision was supported by some evidence in the record[3].

---

[2] *In Matter of Application of Anthony Allen,* Superior Court of California, County of Solano, No. FCR207648 at 2.

[3] *Id.*

The transcripts of the BPT hearing reflect that it denied Petitioner parole because he posed an unreasonable risk of danger to society and a threat to public safety. BPT based it's denial on the "especially cruel manner" of the commitment offense, Petitioner's criminal history that includes convictions for the sale of cocaine, auto theft and possession of a weapon, a recent administrative misconduct and failure to complete programing while incarcerated. BPT hearing transcripts. at 62-63. These factors correspond to the requirement under California law that BPT "determine whether a prisoner is presently too dangerous to be deemed suitable for parole based on the 'circumstances tending to show unsuitability' and the 'circumstances tending to show suitability' set forth in Cal.Code. Regs., tit. 15 § 2402(c)-(d). *Irons*, at *4.

The state court's rejection of Petitioner's federal constitutional claims was neither contrary to, nor an unreasonable application of, controlling case law of the United States Supreme Court, nor an unreasonable application of the facts.

In accordance with the above, IT IS HEREBY ORDERED that:

Petitioner's application for habeas corpus relief under § 2254 be denied and that it be dismissed.

DATED: July 27, 2007

/s/ Arthur Alarcón
_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation